**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA

        Plaintiff,

        v.                                        Case No.:  22-cv-00200 (JRT/LIB)

ASCENSUS, LLC, and ASCENSUS TRUST              Chief Judge John R. Tunheim
COMPANY,                                       Magistrate Judge Leo I. Brisbois

        Defendants.

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Ascensus, LLC ("Acensus"), and Ascensus Trust Company ("Ascensus Trust") (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully submit this Answer and Affirmative Defenses to the First Amended Complaint ("FAC") filed by Plaintiff United States of America ("United States") on February 15, 2022 (Dkt. No. 4).  Each response in this Answer is made subject to the following limitations:

a.      Except as expressly admitted herein, Defendants deny each allegation in the FAC, and further deny that Plaintiff has suffered any damages as a result of any act or omission on the part of Defendants.

b.      Where Defendants state that they lack knowledge or information sufficient to form a belief about the truth of certain allegations, Defendants reserve the right to argue that the allegation is true or false based on the evidence.

c.      Defendants submit that no response is required to the headings used in the FAC, and to the extent that a response is required, Defendants deny all factual allegations and characterizations in such headings.

## The Parties and Jurisdiction

1.      This is a civil action brought by Plaintiff the United States to obtain a money judgment against Ascensus, LLC, or Ascensus Trust Company for its failure to honor an Internal Revenue Service Levy.

**ANSWER**: Defendants admit that Paragraph 1 contains a characterization of this action and the remedy sought.  Defendants deny any wrongdoing that would entitle Plaintiff to any relief.

2.      This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, under 26 U.S.C. § 7401.

**ANSWER**: In response to Paragraph 2, Defendants admit that Plaintiff purports to bring this action at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, under 26 U.S.C. § 7401.

3.      The Court has jurisdiction over this action under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

**ANSWER**: In response to Paragraph 3, Defendants admit that the Court has federal question jurisdiction over this action under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4.      Ascensus, LLC, is a limited liability company organized under the laws of Delaware that is in the business of providing financial services.  Ascensus, LLC, has a principal place of business in Dresher, Pennsylvania.  Ascensus, LLC, also conducts business at 415 8th Ave NE, Brainerd, MN 86401.

**ANSWER**: In response to the first sentence Paragraph 4, Defendants admit that Ascensus is a Delaware limited liability company, but deny that Ascensus "is in the business of providing financial services." As relevant to this action, Ascensus is a recordkeeper. In response to the second sentence of Paragraph 4, Defendants admit that Ascensus has a principal place of business in Dresher, Pennsylvania. In response to the third sentence of Paragraph 4, Defendants admit that Ascensus conducts business at 415 8th Ave NE, Brainerd, MN 86401, among other places.

5.      Ascensus Trust Company ("Ascensus Trust") is a corporation organized under the laws of North Dakota that is in the business of providing financial services. Ascensus Trust has a principal place of business in Fargo, North Dakota. Ascensus Trust also conducts business at 415 8th Ave NE, Brainerd, MN 86401. Ascensus Trust is a subsidiary of Ascensus, LLC.

**ANSWER**: In response to sentence one of Paragraph 5, Defendants admit that Ascensus Trust is a North Dakota corporation, but deny that Ascensus Trust "is in the business of providing financial services." As relevant to this action, Ascensus Trust is a directed third-party custodian of assets. In response to sentence two of Paragraph 5, Defendants admit that Ascensus Trust has a principal place of business in Fargo, North Dakota. In response to sentence three of Paragraph 5, Defendants deny that Ascensus Trust conducts business at 415 8th Ave NE, Brainerd, MN 86401. In response to sentence four of Paragraph 5, Defendants deny that Ascensus Trust is a subsidiary of Ascensus.

6.      Venue is proper in the District of Minnesota under 28 U.S.C. §§ 1391(b) and 1396 because Ascensus, LLC, and Ascensus Trust are located in and conduct business within this judicial district.

**ANSWER**: In response to Paragraph 6, Defendants admit that Ascensus and Ascensus Trust conduct business within the District of Minnesota.  The remaining allegations in Paragraph 6 state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 6.

### Outstanding Federal Income Tax Liabilities of Matthew V. Brady

7.      Matthew V. Brady ("Brady") is a lawyer practicing in the State of California. Brady is a taxpayer whose tax liabilities are the subject of an IRS levy as described below.

**ANSWER**: Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7 and therefore deny them on that basis, although Defendants admit that the IRS issued a tax levy with respect to Brady.

8.      On the dates and for the years indicated in the table below, a delegate of the Secretary of the Treasury made the following assessments against Brady for unpaid federal income taxes, interest, and penalties.

**ANSWER**: Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 8 and therefore deny them on that basis.

9.      The IRS gave Brady notice of the assessments described in paragraph 7 above and made demands for payment.

**ANSWER**: Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and therefore deny them on that basis.

10.     Despite proper notice and demand for payment of the assessments, Brady has failed or refused to fully pay the assessment plus statutory additions.

**ANSWER**: Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 10 and therefore deny them on that basis, but Defendants submit that the IRS tax levy at issue here has been satisfied.

4

## Notice of Levy Served on Ascensus to Collect Taxes Owed by Brady

11.     Brady maintained a retirement account with Ascensus, LLC, or Ascensus Trust.  As of March 31, 2019, the balance of the retirement account was $388,342.88.

**ANSWER**: In response to sentence one of Paragraph 11, Defendants deny that

Brady maintained a retirement account with Ascensus, which was the entity upon

whom the IRS served the levy with respect to Brady.  Rather, as Ascensus informed

the IRS shortly after service of the tax levy at issue, Ascensus provides

recordkeeping services only, and the custodian of Brady's retirement account assets

was a separate and distinct company, Ascensus Trust.  Defendants lack knowledge

or information sufficient to admit or deny the remaining allegations in Paragraph 11

and therefore deny them on that basis.

12.     On November 25, 2019, the IRS sent a notice of levy (IRS Form 668-A) addressed to "Ascensus" at 415 8th Ave NE, Brainerd, MN 86401, attaching funds in its possession or control up to a total amount of $470,317.33, in accordance with Brady's balance due and owing to the IRS as of that date.

**ANSWER**: In response to Paragraph 12, Defendants admit that Ascensus received

a copy of IRS form 668-A, Notice of Levy, for any accounts in the possession of

Ascensus for Brady on March 2, 2020.  Defendants deny all remaining allegations.

Ascensus specifically denies that it possessed or controlled any assets in Brady's

retirement account, and Ascensus Trust denies that it ever received the notice of tax

levy at issue.

13.     Neither Ascensus, LLC, nor Ascensus Trust responded to the levy referred to above.

**ANSWER**: Defendants deny the allegations in Paragraph 13.

14.     On March 16, 2020, the IRS sent a final demand for payment (IRS Form 668-C) addressed to "Ascensus" at 415 8th Ave NE, Brainerd, MN 86401.

**ANSWER**: Ascensus admits that it received IRS Form 668-C, but denies that it ever possessed or controlled any of Brady's retirement plan assets.  Brady's retirement plan assets were held by a separate and distinct company—Ascensus Trust (in its capacity as a directed custodian of such assets).  Ascensus Trust is a North Dakota company, and it does not have employees in Brainerd, MN.

15.     Ascensus, LLC, and/or Ascensus Trust declined to honor the levy.

**ANSWER**: Defendants deny the allegations in Paragraph 15 and affirmatively aver that the tax levy was satisfied by Ascensus Trust at Brady's direction.

**Count I: 26 U.S.C. § 6332(d)(1) Liability for Failure to Honor IRS Levy**

16.     The United States incorporates by reference the allegations in paragraphs 1 through 15 above.

**ANSWER**: Defendants reiterate their responses to Paragraphs 1-15 as if stated fully herein.

17.     Ascensus, LLC, or Ascensus Trust has failed or refused to surrender to the IRS the funds in Brady's retirement account

**ANSWER**: Defendants deny the allegations in Paragraph 17 and specifically aver that the IRS tax levy has been satisfied in full.

18.     As a result of its failure to honor the IRS' levy, Ascensus, LLC, or Ascensus Trust is liable to the United States in an amount equal to the value of the property not surrendered (but not exceeding the amount set forth in the notice of levy), plus costs and interest.

**ANSWER**: Defendants deny the allegations in Paragraph 18.

## Count II: 26 U.S.C. § 6332(d)(2) Penalty Liability

19.     The United States incorporates by reference the allegations in paragraphs 1 through 18 above.

**ANSWER**: Defendants reiterate their responses to Paragraphs 1-18 as if stated fully

herein.

20.     Under 26 U.S.C. § 6332(d)(2), anyone who fails or refuses to honor a levy without reasonable cause is liable for a penalty of 50% of the amount due under the levy.

**ANSWER**: Paragraph 20 states a legal conclusion, to which no response is required.

To the extent a response is required, Defendants deny the allegations in Paragraph

20.

21.     Ascensus, LLC, or Ascensus Trust lacked reasonable cause in refusing to honor the IRS's notice of levy.

**ANSWER**: Defendants deny the allegations in Paragraph 21 and specifically aver

that the IRS tax levy has been satisfied in full.

22.     As a result of its failure to honor the IRS's notice of levy, and under 26 U.S.C. § 6332(d)(2), Ascensus, LLC, or Ascensus Trust is liable to the United States for a penalty in the amount of 50% of its liability that is the subject of Count I above.

**ANSWER**: Defendants deny the allegations in Paragraph 22.

## Request for Relief

Wherefore, Plaintiff requests judgment against Ascensus, LLC, or alternatively Ascensus Trust on Counts I and II as follows:

1.     Payment in an amount to be determined by the Court but believed to be at least $388,342.88, plus interest that has accrued and will continue to accrue from the date of the notice of levy;

2.     Payment of a penalty in the amount of 50% of its liability that is the subject of Count I and believed to be at least $194,171.44;

3.      Payment of all costs and expenses incurred by the United States in pursuing this action; and

4.      For such other and further relief as the Court deems just and proper.

**ANSWER**: Defendants deny Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendants deny all allegations in the FAC that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses.  In asserting these defenses, Defendants do not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.

Defendants have not knowingly waived any defenses under Rules 8(c) or 12(b) of the Federal Rules of Civil Procedure or any other rights, privileges or defenses.  Defendants set forth these Affirmative Defenses based on the facts and information known to date and subject to amendment following further investigation of the facts and proceedings in this action.

## FIRST AFFIRMATIVE DEFENSE

### (Satisfaction of Tax Levy)

The IRS levy at issue has been satisfied in full.

## SECOND AFFIRMATIVE DEFENSE

### (Statutory Compliance)

Plaintiff's claims are barred, in whole or in part, on the ground that Defendants complied with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the FAC, including the Internal Revenue Code ("IRC") and Internal Revenue Manual ("IRM").

### THIRD AFFIRMATIVE DEFENSE

**(Reasonable Cause)**

Defendants acted with reasonable cause with respect to the IRS tax levy at issue. Among other things, the IRS incorrectly served the tax levy upon Ascensus—which is a recordkeeper, and not the custodian of Brady's retirement plan assets—and Ascensus so advised the IRS of this fact.  The IRS, however, failed to serve the tax levy upon the custodian of the assets at issue, Ascensus Trust.  Given that Ascensus was not the custodian of assets, and that Ascensus Trust was never served with the tax levy at issue, Defendants acted with reasonable cause with respect to the matter at issue in this action.

### FOURTH AFFIRMATIVE DEFENSE

**(No Exhaustion)**

Plaintiff's claims are barred, in whole or in part, to the extent the IRS and DOJ failed to exhaust the available procedures under the IRC and IRM before pursuing their claims through this litigation.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff's claims are barred, in whole or in part, to the extent it has failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, on the ground that the FAC fails to allege facts sufficient to state a claim for relief against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendants reserve the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiff's position in this litigation.

**WHEREFORE**, Defendants respectfully request that the Court:

(a)     Dismiss Plaintiff's claims with prejudice;

(b)     Deny Plaintiff's prayers for relief;

(c)     Award Defendants the costs of this suit, including reasonable attorneys' fees; and

(d)     Award Defendants any other such relief as the Court may deem appropriate.

Dated:  June 17, 2022                Respectfully Submitted:

**GREENBERG TRAURIG LLP**

By:  */s/ Nicole E. Narotzky*
  Nicole E. Narotzky (#0329885)
  90 S 7th St, Suite 3500
  Minneapolis, MN  55402
  Telephone:  (612) 259-9700
  Email:  narotzkyn@gtlaw.com

  Mark C. Nielsen *(pro hac vice submitted)*
  GROOM LAW GROUP, CHARTERED
  1701 Pennsylvania Avenue, N.W., Suite 1200

Washington, DC  20006
Telephone:  (202) 861-6338
Telecopier:  (202) 659-4503
E-mail:  mnielsen@groom.com

***Attorneys for Defendants Ascensus, LLC, and Ascensus Trust Company***