UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ASCENSUS, LLC, and ASCENSUS TRUST COMPANY,<br><br>Defendants. | Case No.: 22-cv-00200 (JRT/LIB)<br><br>**STATEMENT OF THE CASE** |

Defendants Ascensus, LLC ("Acensus"), and Ascensus Trust Company ("Ascensus Trust") (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully submit this Statement of the Case, as directed by the Court in its Pretrial Scheduling Notice and Order (Dkt. 17).

**Version of the Facts**

This case involves a tax levy that the Internal Revenue Service ("IRS") served upon Ascensus relating to a third party, Matthew V. Brady, who was delinquent in his taxes. Specifically, in late November 2019, the IRS served a tax levy upon Ascensus, attaching assets maintained in the qualified retirement plan sponsored by the Law Offices of Matthew V. Brady (the "Brady Plan"). The levy was satisfied, in full, in March 2022, and the only issue before the Court is whether Ascensus and Ascensus Trust are liable for the 50 percent penalty that the IRS and the Department of Justice seek to impose. Respectfully, the answer is "no."

Shortly after Ascensus received the levy, it contacted the IRS agent who served the levy, and advised the agent that Ascensus did not have (and never had) custody or control of the Brady Plan's assets. That is because Ascensus served only as the *recordkeeper* for the Brady Plan, meaning that it kept records regarding contributions to, and distributions from, the Brady Plan, and maintained records of eligible Plan participants and their eligibility dates to commence distributions. Given that Ascensus has never possessed, controlled, or even had access to the assets in the Brady Plan, Ascensus advised the IRS agent that it could not satisfy the tax levy. Ascensus also advised the IRS agent that the custodian of the Brady Plan's assets was a separate company, Ascensus Trust, and that any levy should be directed to Ascensus Trust. Ascensus further advised the IRS agent that Ascensus Trust served as a *directed* trustee, with Mr. Brady having sole discretionary authority over the assets in the Plan. Despite having this information, the IRS *never* served the levy upon Ascensus Trust.

Even though the IRS incorrectly served the levy upon Ascensus, Ascensus still transmitted the levy to Mr. Brady and provided him with instructions as to how the levy could be satisfied (*i.e.*, by Mr. Brady authorizing Ascensus Trust to remit the amount levied to the IRS). Ascensus then advised the IRS agent assigned to the matter on March 12, 2020, that Ascensus had been in contact with Mr. Brady and was awaiting his direction on the levy. During this conversation, Ascensus again advised the IRS agent Ascensus was not in possession or control of the Plan's assets and did not have the ability to honor the levy.

At the beginning of the COVID-19 pandemic, the IRS announced that it was suspending almost all levy collection. The IRS later announced that this suspension would be lifted on a case-by-case basis starting on July 20, 2020. Notably, however, the IRS never reached out to Ascensus or Ascensus Trust in the remainder of 2020—or at any time in 2021—to advise that it was resuming collection efforts with respect to the Brady Plan. Indeed, the first Ascensus heard about the IRS's intention to resume collection efforts was on January 26, 2022, when the Department of Justice (the "Department")—without any prior notice—informed Ascensus that it had filed the instant lawsuit against Ascensus (and not Ascensus Trust, which was not added as a defendant until February 15, 2022). On January 27, 2022, Mr. Brady instructed, in writing, that the IRS's levy was *not* to be honored.

On February 1, 2022, Ascensus sent a detailed letter to Mr. Brady discussing the unsatisfied levy and the surrounding situation at length to facilitate a resolution to the outstanding levy. Mr. Brady responded, via email, on February 11, 2022, advising that he was communicating with the IRS via his attorney and hoping to work out a resolution.

On March 2, 2022, Mr. Brady, via email, finally provided authorization to comply with the levy. Ascensus Trust promptly satisfied the levy by issuing a check to the IRS, and there is no dispute that the levy has been satisfied in full.

### List of Facts Supporting Defendants' Defenses

The following is a list of particularized facts which support Defendants' defenses, including any applicable statutes as identified by number:

3

      a.      The IRS incorrectly served the Notice of Levy upon Ascensus—which is a recordkeeper and not the custodian of Mr. Brady's retirement plan assets—and Ascensus advised the IRS of this fact.

      b.      The IRS failed to serve the Notice of Levy upon Ascensus Trust, the actual custodian of Mr. Brady's retirement plan assets.

      c.      After the IRS announced that the suspension of most levy collection would be lifted on a case-by-case basis starting on July 20, 2020, the IRS failed to advise either Ascensus or Ascensus Trust that it was recommencing collection of the levy.

      d.      The Department and IRS failed to follow the procedures set forth in the Internal Revenue Code and Internal Revenue Manual prior to initiating the instant lawsuit.

      e.      The IRS levy was satisfied in full by Ascensus Trust after Mr. Brady provided authorization.

## Itemization and Explanation of Damages

Defendants deny that any award of monetary penalties—whether as a penalty under 26 U.S.C. § 6332(d)(2) or interest—is warranted or appropriate. Ascensus at all times acted reasonably with respect to its handling of the levy and advised the IRS that it did not have custody or control of the Brady Plan assets, and, accordingly, could not satisfy the levy. Ascensus also advised the IRS that the custodian of the Brady Plan's assets was Ascensus Trust, but the IRS never served a levy upon Ascensus Trust. Indeed, Ascensus Trust was not even named as a defendant until February 15, 2022—after Ascensus, once again, reminded the IRS and the Department as to the correct custodian of assets.

To the extent the Court determines that any monetary reward to the Department is appropriate, Defendants believe such amount should be limited to the interest on the amount levied, calculated from the date of service of the levy until the date the levy was satisfied. Approximately, that amount has been calculated to be just under $40,000.

Dated: July 26, 2022

Respectfully Submitted:

**GREENBERG TRAURIG LLP**

<u>s/ Nicole E. Narotzky</u>
Nicole E. Narotzky (#0329885)
Greenberg Traurig, LLP
90 S. 7th St., Suite 3500
Minneapolis, MN  55402
Telephone:  (612) 259-9700
Email:  narotzkyn@gtlaw.com

and

Mark C. Nielsen (*pro hac vice* submitted)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
E-mail:  mnielsen@groom.com
Telephone: (202) 857-0620
Telecopier: (202) 659-4503

***Attorneys for Defendants Ascensus, LLC, and Ascensus Trust Company***